UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MULDER, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-3274 |
| SCHUYLER COUNTY SHERIFF, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff is detained for treatment in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is allegedly "one of the smaller residents at the facility," which, liberally construing his allegations, makes him more vulnerable to sexual harassment and assault by other detainees at the facility.

Plaintiff alleges that he has been forced to room with "other [sexually violent persons who] have all been diagnosed to lack volitional control and be predisposed to commit acts of violence and sexual violence." (Complaint, p. 4.) Plaintiff alleges that he has been sexually assaulted by two different roommates. When resident "E. Smith" roomed with Plaintiff at the beginning of this year, Smith

allegedly made sexual advances and sexually touched Plaintiff. After Plaintiff complained, Plaintiff was roomed with resident David Mackel, who also made sexual advances to Plaintiff, grabbed Plaintiff's genitals, and "tr[ied] to force [Plaintiff] into more and more sexual contacts." (Complaint p. 6.) One day in August, 2014, Defendant Morton loudly told Plaintiff in front of the entire housing unit, "If you were not up all night sucking dick, you wouldn't be so tired now." (Complaint p. 5.) Morton's comment allegedly perpetuated and encouraged the continued sexual harassment of Plaintiff by resident Mackel and other residents on the unit. Plaintiff told Defendants Ganz, Schroeder, and Louck about Defendant Morton's comment, but nothing was done.

Plaintiff complained to Defendants Clayton, Hankins, Pennock, Kulhan, Dougherty, Parsons, Rose, Billingsley, Kindhart, Teel, Thomas, Louck, Morton, Schroeder, Ganz, Jumper, Clark, and Deeds about resident Mackel's abuse and harassment. None of these Defendants did anything until August 22, 2014, when Plaintiff was moved to a segregation cell called "special management." While Plaintiff was in segregation, resident Morales

slipped a note under Plaintiff's door offering Plaintiff cash in return for sexually abusing Plaintiff. Plaintiff turned the note into security.

Defendant Clayton, who was supposed to be investigating Plaintiff's complaints about the sexual harassment, instead allegedly threatened to have Plaintiff put in jail on false charges if Plaintiff tried to press criminal charges against resident Mackel. Clayton also allegedly told Plaintiff that Plaintiff deserved what he got because Plaintiff is a "'faggot.'" (Complaint p. 7.)

As a result of the constant sexual harassment, Plaintiff allegedly suffers from post-traumatic stress disorder—including the inability to function or sleep and constant hand-shaking for days. Defendants Ganz, Schroeder, Louck, and Jumper have refused to provide Plaintiff any mental health treatment for Plaintiff's post-traumatic stress disorder, telling Plaintiff that such treatment is not offered at the facility.

**ANALYSIS**

Plaintiff has no constitutional right to have a single room or to room with a resident of Plaintiff's choosing. However, Plaintiff does have a constitutional right to be protected from a substantial risk of serious harm. *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th

Cir.2005). He also has a constitutional right to adequate treatment of his serious mental health needs and to be free from retaliation for exercising his First Amendment rights. *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008); *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010).

Verbal harassment alone does not generally present a substantial risk of serious harm, but here the harassment was allegedly so pervasive and severe that Plaintiff developed post-traumatic stress syndrome, and Plaintiff also allegedly was subjected to unwanted sexual touching. At this stage, the Court cannot rule out a constitutional claim for deliberate indifference to a substantial risk of serious harm and deliberate indifference to Plaintiff's serious need for mental health treatment. A First Amendment claim for retaliation for Plaintiff's complaints about the sexual harassment also cannot be ruled out.

A further developed record may show that not all of the named Defendants were personally responsible for the alleged constitutional violations, but that determination would be premature.

However, the Schuyler County Sheriff's Office will be dismissed as a Defendant because the Sheriff and Schuyler County do not operate the Rushville Treatment and Detention Center. Defendant Clayton's alleged threat to have the Sheriff put Plaintiff in jail did not come to fruition, and the Sheriff is not liable for Clayton's alleged misconduct.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is granted (3). Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following constitutional claims: 1) deliberate indifference to a substantial risk of serious harm; 2) deliberate indifference to a serious need for mental health treatment; and 3) retaliation for Plaintiff's exercise of his First Amendment rights. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3.    The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

    4.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **Plaintiff's petition to proceed in forma pauperis is granted (3).**

11. **Plaintiff's motion for status is denied as moot (6).**

12. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13. **Defendant "Schuyler County Sheriffs Police" is dismissed and terminated.**

14. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: March 12, 2015

FOR THE COURT:

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE